**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1341**

EWART ULRIC VANDECRUIZE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

**No. 07-1849**

EWART ULRIC VANDECRUIZE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

**No. 08-1303**

EWART ULRIC VANDECRUIZE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted: December 17, 2008          Decided: October 20, 2009

Before KING, GREGORY, and SHEDD, Circuit Judges.

Nos. 07-1341 and 07-1849 petitions denied; No. 08-1303 petition dismissed by unpublished per curiam opinion.

Rachel S. Ullman, YANG & ULLMAN, P.C., Silver Spring, Maryland, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Don G. Scroggin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions, Ewart Ulric Vandecruize, a native and citizen of Guyana, petitions for review of three separate orders of the Board of Immigration Appeals ("Board"): (1) dismissing his appeal from the immigration judge's decision finding him inadmissible as an alien present in the United States without being admitted or paroled and as an alien who falsely represented himself to be a citizen of the United States for a purpose or benefit under the Immigration and Nationality Act ("INA"), and finding him ineligible for adjustment of status; (2) denying his motion to reconsider; and (3) denying his motion for sua sponte reconsideration.

Based on our review of the record and the Board's order of April 9, 2007, we conclude that substantial evidence supports the finding that Vandecruize failed to meet his burden of proving that he was not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) (2006) as an alien who falsely represented himself to be a citizen of the United States for a purpose or benefit under the INA. See 8 C.F.R. § 1240.8(b) (2009). We have also reviewed the Board's order of July 31, 2007, and find that the Board did not abuse its discretion in denying Vandecruize's motion to reconsider. See 8 C.F.R. § 1003.2(a) (2009). Accordingly, we deny the petitions for review in Case

3

Nos. 07-1341 and 07-1849 for the reasons stated by the Board. See In re: Vandecruize (B.I.A. Apr. 9 & Jul. 31, 2007).

In Case No. 08-1303, Vandecruize challenges the Board's denial of his motion for sua sponte reconsideration. Because we lack jurisdiction to review the Board's refusal to exercise its sua sponte authority to reconsider, we dismiss the petition for review in No. 08-1303. See Mosere v. Mukasey, 552 F.3d 397, 400-01 (4th Cir.), cert. denied, __ S. Ct. __ (U.S. Oct. 5, 2009) (No. 08-10795). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 07-1341 and 07-1849 PETITIONS DENIED
No. 08-1303 PETITION DISMISSED

4